THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| MELVIN DARTFIELD CHRISTIAN,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA. | Criminal Action No. 3:10-CR-200-1<br>Civil Action No. 12-CV-702 |

## MEMORANDUM OPINION

THIS MATTER is before the Court on Petitioner Melvin Dartfield Christian's ("Christian") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 for Writ of Habeas Corpus ("§ 2255 Motion") (ECF No. 75). For the reasons below, the Court will DENY the Motion and DENY a Certificate of Appealability. Further, the Court will DENY Christian's request for a hearing and DENY AS MOOT Christian's Motion for Judicial Notice (ECF No. 87).

### FACTUAL AND PROCEDURAL BACKGROUND

On March 10, 2010, Detective Christopher Womack of the Petersburg Bureau of Police received information from his sergeant, Sergeant Patterson, which Sergeant Patterson indicated came from a confidential informant. The substance of this information was that there was a person by the name of Jawara Williams who had an outstanding felony pickup notice, Christian was with him, and they were currently located in the 1200 block of Commerce Street in Petersburg, Virginia. The informant also stated that there was a gun and a quantity of narcotics in a car, identified as a gold Lincoln.

Detective Womack responded to this area with his partner, Officer Aponte. They went to the area and found the gold Lincoln. There was a Jeep present nearby the Lincoln, and in the Jeep was Christian—the owner of the vehicle—and an unidentified male. Christian was either working on the radio in the passenger's side of the Jeep or down on the ground near the passenger's side of the Jeep.

1

Contemporaneously, officers approached Curtis Johnson and Herbert Beasley on a nearby porch and requested their identification. After checking that there were no outstanding warrants, the identifications were returned and the two men were told that they were free to go. Detective Womack questioned Christian in order to find out who he was and in order to check to see if he had any outstanding warrants. Detective Womack then called a canine unit, which came to the scene. Both the canine and handler were certified and fully trained. The canine circled the Jeep and alerted to the presence of an illegal substance. The officers then partially searched the Jeep, finding a firearm. Later, Detective Womack secured a search warrant for Christian's vehicle. The search warrant was executed and, among other things, two plastic bag corners containing approximately 6.75 grams of cocaine base were found.

Petitioner was indicted in a three-count superseding indictment of Possession with Intent to Distribute Five Grams or More of Cocaine Base, 21 U.S.C. § 841; Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c); and Possession of a Firearm by a Convicted Felon, 18 U.S.C. § 922(g)(1). Petitioner, through counsel, filed a motion to suppress, and a hearing was held on the motion on October 29, 2010. After hearing evidence, the motion was denied on November 1, 2010. Petitioner was then tried before a jury and convicted on all counts. Petitioner was sentenced on February 22, 2011, to 180 months' imprisonment on Count 1 (concurrent to Count 3); 300 months' imprisonment on Count 2 (consecutive to Counts 1 & 3); and 180 months' imprisonment (concurrent to Count 1).

Petitioner appealed, arguing: (1) that the canine that alerted officers to the contraband found in his Jeep was unreliable under the Fourth Amendment; (2) that evidence was insufficient to show that he possessed the gun; and (3) that evidence was insufficient to show that he possessed the firearm in furtherance of a drug trafficking crime. The Fourth Circuit denied his appeal on November 4, 2011, and his convictions were affirmed. The Fourth Circuit's mandate took effect on November 28, 2011.

Christian filed this § 2255 Motion on October 2, 2012. The Government filed its opposition on February 14, 2013. This matter is now ripe for review.

## LEGAL STANDARDS

### I. Standard of Review

Under 28 U.S.C. § 2255, a prisoner in federal custody may attack his sentence if: (1) the sentence violates the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *see also Hill v. United States*, 368 U.S. 424, 426–27 (1962). To prevail, the movant bears the burden of proof by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958); *United States v. King*, 36 F. Supp. 2d 705, 707 (E.D. Va. 1999). A claim that does not challenge the constitutionality of a sentence or the court's jurisdiction is cognizable in a § 2255 motion only if the alleged violation constitutes a miscarriage of justice. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979). To show that a denial of a § 2255 motion would result in a miscarriage of justice, the petitioner must show actual innocence by clear and convincing evidence. *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999).

### II. Ineffective Assistance of Counsel

Ineffective assistance of counsel claims under the Sixth Amendment are examined under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To succeed under *Strickland*, a petitioner must show both that: (1) his attorney's performance fell below an objective standard of reasonableness and (2) he suffered actual prejudice. *Id.* at 687. The first *Strickland* prong requires the petitioner to "'show that counsel's representation fell below an objective standard of reasonableness' measured by 'prevailing professional norms.'" *Lewis v. Wheeler*, 609 F.3d 291, 301 (4th Cir. 2010) (quoting *Strickland*, 466 U.S. at 688). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "[j]udicial scrutiny of counsel's performance must be highly

3

deferential." *Strickland*, 466 U.S. at 689. When making an ineffective assistance of counsel determination, a court must consider "the practical limitations and tactical decisions that counsel faced." *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991).

The second prong of *Strickland* requires the petitioner to show that counsel's errors were serious enough to deprive the petitioner of a fair trial. *Strickland*, 466 U.S. at 687. In essence, the petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. If it is clear the petitioner has failed to satisfy either prong of the *Strickland* standard, a court need not inquire into whether he satisfied the other. *Id.* at 697.

### III. Procedural Default

A petitioner who has procedurally defaulted a claim by failing to raise it on direct review can only raise the claim collaterally if the petitioner can first demonstrate either "cause" and actual "prejudice," or that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998).

## ANALYSIS

### I. Ineffective Assistance of Counsel Related to the Initial Search and Seizure

Christian argues that his counsel was ineffective for failing to argue that his search and seizure was unconstitutional because there was no reasonable suspicion to seize the Jeep or allow for a canine sniff, which led to a warrantless search of the vehicle he was in. However, Christian's interaction with law enforcement was a consensual encounter rather than a *Terry* stop requiring any type of probable cause or reasonable suspicion. A "consensual encounter does not 'trigger Fourth Amendment scrutiny.'" *United States v. Meikle*, 407 F.3d 670, 672 (4th Cir. 2005) (quoting *Florida v. Bostick*, 501 U.S. 429, 434 (1991)). It is now axiomatic that "mere police questioning does not constitute a seizure." *Bostick*, 501 U.S. at 434. Here, Detective

4

Womack questioned Christian to identify him and to see if he had any outstanding warrants. (Mot. to Suppress Hr'g Tr. 104:12-15) (ECF No. 25). Because there was no *Terry* stop, no reasonable suspicion was necessary and no Fourth Amendment violation took place.

The Supreme Court has ruled that a drug dog sniff is not a search within the meaning of the Fourth Amendment. *United States v. Place,* 462 U.S. 696, 706-07 (1983). In the context of a traffic stop, a canine sniff requires that a person or their vehicle be stopped under *Terry. United States v. Farrior,* 535 F.3d 210, 217 (4th Cir. 2008). Here there was no traffic stop. Instead there was a consensual encounter between officers and Christian. Contemporaneous to this encounter, there was a canine sniff of Christian's vehicle. Therefore, Christian's trial counsel's representation could not have fallen below an objective standard of reasonableness under *Strickland* for failing to raise the argument that Christian was illegally seized and searched. Accordingly, Christian cannot satisfy the first prong of *Strickland* and this argument fails.

## II. Ineffective Assistance of Counsel Related to the Failure to Move for a *Franks* Hearing

Christian contends that his trial counsel provided ineffective assistance by failing to request a *Franks* hearing. In *Franks v. Delaware,* the Supreme Court held that a defendant challenging the validity of a search warrant is entitled to a hearing if he preliminarily shows that: (1) officers knowingly or recklessly made false statements or made a statement with "reckless disregard for the truth" and (2) the allegedly false statement or omission was material. 438 U.S. 154, 155-56, 171 (1978); *see also United States v. McKenzie-Gude,* 671 F.3d 452, 462 (4th Cir. 2011). Here, no search warrant was necessary and *Franks* does not apply. As such, Christian's counsel's representation could not have fallen below an objective standard of reasonableness under *Strickland* for failing to move for a *Franks* hearing. Accordingly, Christian cannot satisfy the first prong of *Strickland* and this argument fails.

//
//

### III. Fourth Amendment Claims

Christian argues that his Fourth Amendment rights were violated, in part, because he was stopped without reasonable suspicion. As the Government notes, Fourth Amendment claims are not cognizable on collateral review as long as the defendant had a "full and fair" opportunity to litigate the claim on direct appeal. *See Stone v. Powell*, 428 U.S. 465, 494 (1976).[1] Christian did not raise this claim on direct appeal and, thus, he cannot raise this claim collaterally in this § 2255 petition. *See Bousley*, 523 U.S. at 621. Further, Christian has not shown cause and actual prejudice resulting from the errors complained of or that he is actually innocent of the crime for which he was convicted. *See United States v. Mikalajunas*, 186 F.3d at 492–93 (*citing United States v. Frady*, 456 U.S. 152, 167–68 (1982)). Accordingly, this claim will be denied.

### CERTIFICATE OF APPEALABILITY

A district court that enters a final order denying a § 2255 motion must grant or deny a Certificate of Appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings. A Certificate of Appealability should issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Specifically, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). The Supreme Court has held "a claim can be debatable even though every jurist of reason might agree . . . that petitioner will not prevail." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). For the reasons stated fully above, no law or evidence suggests that Christian has satisfied § 2253(c) such that he is entitled to further consideration of his claims. Accordingly, the Court will DENY a Certificate of Appealability.

---

[1] Sixth Amendment ineffective assistance of counsel claims founded on Fourth Amendment violations are independent from actual Fourth Amendment claims. *Kimmelman v. Morrison*, 477 U.S. 365, 375-83 (1986).

6

## CONCLUSION

For the reasons above, the Court will DENY the § 2255 Motion and DENY a Certificate of Appealability. The Court finds that no hearing is necessary, as the record is sufficient to determine this matter. Therefore, the Court will DENY Christian's request for a hearing. Lastly, the Court will DENY AS MOOT Christian's Motion for Judicial Notice (ECF No. 87).

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record. An appropriate Order shall issue.

```
            /s/
    James R. Spencer
    Senior U. S. District Judge
```

ENTERED this 9th day of September 2014.